E. W. BLISS CO., Limited, v. UNITED STATES INCANDESCENT GAS-LIGHT CO.

(Supreme Court, General Term, First Department. May 18, 1894.)

SALE—ACTION FOR PRICE—EVIDENCE.
    In an action for the price of dies to be used in making gas burners, it appeared that the contract between the parties required dies. to make burners like a sample given to plaintiff. Plaintiff's witness testified that all the articles mentioned in the contract were complete, but he also stated on cross-examination that the dies would not make burners like the sample. *Held*, that the complaint was properly dismissed.

Appeal from circuit court, New York county.

Action by the E. W. Bliss Company, Limited, a foreign corporation created under the laws of the kingdom of Great Britain, and trans-

acting business in the city of Brooklyn, N. Y., against the United States Incandescent Gaslight Company to recover for work, labor, and services and materials furnished.   From a judgment dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and FOLLETT and PARKER, JJ.

H. P. Starbuck, for appellant.
G. W. Green, for respondent.

VAN BRUNT, P. J.   This action was brought to recover for work, labor, and services performed, and materials furnished, under a contract made by the defendant with the plaintiff.   The answer of the defendant consisted substantially of a general denial, and a counterclaim of damage because of failure to comply with the contract to perform certain work and furnish certain material.   Upon the trial of this action, evidence was introduced upon the part of the plaintiff to establish the making of a contract for the doing of certain work and the furnishing of certain materials for a price named therein.   It was claimed, however, upon the part of the defendant, that the plaintiff had failed to establish by its evidence a compliance with its contract, by the manufacturing of the goods and offering them for delivery.

The only question it is necessary to consider upon this appeal is, has the plaintiff established by the evidence introduced by it upon the trial of this action that it has manufactured the goods called for by the contract?   We think upon an examination of the evidence that there is no proof sufficient to establish the affirmative of this proposition.   The contract which was entered into by the plaintiff and the defendant was for the manufacture of certain dies and tools necessary for the construction of gas burners, which seems to have been the business in which the defendant was engaged.   After considerable correspondence, which resulted in the acceptance of the order of the defendant by the plaintiff, on the 29th of July, 1890, the plaintiff wrote to the defendant, in reply to its letter asking plaintiff what was necessary for the beginning of the work, that it would require drawings and a sample burner.   On the 7th of August, 1890, the defendant replied to this letter, stating:   "Referring to your estimate for making tools for our Nos. 3 and 4 burners, submitted July 15, 1890, would say same is accepted, to be made per drawings and samples left with you this day," etc.   After some further delay in reference to a guaranty, the plaintiffs commenced to manufacture the tools, which they claim to have finished on the 28th of October. It was, however, urged upon the trial, as above stated, that they never produce dies which would make a complete burner, as required by the contract.   It is claimed upon the part of the plaintiff that it was not required to produce dies which would make a complete burner.   But, upon an examination of the evidence, it would appear that a complete burner was left as a sample; and, by the correspondence already referred to, it seems that the parties had in mind the manufacture of the tools for the making of a complete

burner, because it appears from this correspondence that a sample burner was asked for and left with the plaintiff as a pattern from which it was to work. It is true that the witness Hart testifies that he saw all of the articles mentioned in the contract completed, every one of them, and that they are in the possession of the plaintiff at the present time. But he also testified, upon cross-examination, that the sample mentioned in the letter quoted was a burner, although he did not know that it was a complete burner; but that the dies and tools referred to by him would not make that kind of a burner,— not as complete as the burner shown to him. Then the question was asked:

"Q. So that the dies will not make samples as complete as that burner which was shown you on that day? A. No. Q. And the dies which have been finally completed, and are downstairs on that truck here today, wouldn't make that kind of a burner? A. No."

He further testified:

"I have that sample burner that was left with me by Mr. Montgomery; that is, some of the parts are here. All the parts that were left with me by Mr. Montgomery are here. It was necessary for us to destroy the burner in order to take it apart. He gave me a complete burner, which I subsequently took apart. I believe we have here all of that complete burner that was furnished me. There may be a part missing; I can't answer that. I have here products of the dies which will duplicate every piece of that burner as he gave it to me. I said a moment ago that there might be some part missing of the original. I haven't in court the original sample burner that Mr. Montgomery gave me. Mr. Montgomery may have taken it away with him. I have no recollection of that. I don't know where it is. The parts I have will not make a complete burner; that's all I can say. I know that they will not make a complete burner."

It is evident from this testimony of the witness Hart that a burner was furnished to the plaintiff as a sample which it understood it was to make the tools by which it might be reproduced, and that such tools were not constructed by the plaintiff. Under such circumstances, it is clear that there was no foundation for a recovery by the plaintiff, and the court below was right in dismissing the complaint. The judgment should be affirmed, with costs. All concur.